
E-FILED
Wednesday, 18 January, 2012  01:58:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

Atrill Joseph Haymon,

    Plaintiff,

v.                                                        11-CV-4105

Rock Island County Jail and
Dr. Peterson,

    Defendants.

## **OPINION**

Plaintiff, currently detained in the Rock Island County Jail, has filed an amended complaint as directed by this Court. The amended complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary.

The merit review standard is the same as the motion to dismiss standard. To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The Court keeps in mind, however, that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

*Allegations*

1

Plaintiff alleges that he suffers from anxiety and panic attacks for which he takes prescribed medicine. In July, 2011, Plaintiff was booked into the Rock Island County Jail. He told the Jail staff that he urgently needed his anxiety medicine. He repeated this to Defendant Dr. Peterson the next month. Dr. Peterson replied that Plaintiff was not scheduled for "telepsyche," which the Court presumes is a way to visit with a psychiatrist via video conferencing. The next week, someone from the Robert Young Mental Health Center allegedly assured Plaintiff that Plaintiff would be seeing the doctor "real soon" to reinstate his prescription. However, nothing happened.

In November, 2011, Plaintiff became dizzy and light-headed, falling to the floor. He allegedly blacked out and awoke trying to catch his breath. His mouth was bleeding and the bottom half of his top front teeth had broken off. Plaintiff was taken to see Dr. Peterson, who refused to refer Plaintiff to a dentist, even though Plaintiff had "live nerves hanging in the bottom of my teeth." (Complaint, p. 5). Plaintiff was in pain and could not eat because his exposed teeth were too sensitive. Dr. Peterson allegedly informed Plaintiff that the dentist would only remove his teeth, not restore them, even though Plaintiff had offered to have his family pay for the restoration.

Plaintiff is now receiving his anxiety medicine, but he has still not been referred to a dentist. Plaintiff seeks to have the Jail pay for the restoration of his teeth and also seeks $1.9 million dollars in damages.

*Analysis*

The Court assumes that Plaintiff is a pretrial detainee, meaning that his claim is governed by the Fourteenth Amendment, not the Eighth Amendment, but there is no practical difference in the analysis. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 301 n.2 (7th Cir. 2010)("We apply the same legal standard to a claim alleging deliberate indifference to an inmate's medical needs, whether filed under the Eighth or Fourteenth Amendment."); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). To state a claim, Plaintiff must allege facts which plausibly suggest that Defendants were deliberately indifferent to Plaintiff's serious medical or dental needs. *Chapman*, 241 F.3d at 845.

Whether Plaintiff's dental needs are serious is unclear. Cosmetic restoration would not be a serious need, but dental conditions can be serious if, left untreated, cause significant pain, difficulty functioning, or result in further deterioration. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010)(failure to treat tooth decay that caused serious pain supported claim for deliberate indifference); *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005)("At the outset, we reiterate our view that 'dental care is one of the most important medical needs of inmates.'")(quoted cites omitted).

At this point, the Court believes a plausible inference arises that Plaintiff has a serious need for dental treatment, or at least a serious need to be referred to a dentist for an evaluation. A plausible inference also arises that Plaintiff had a serious medical need for his prescribed

anxiety medicine.

A plausible inference of deliberate indifference also arises against Dr. Peterson on both the dental claim and the anxiety disorder claim. "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm . . . exists, but the defendant disregards that risk." *Berry*, 604 F.3d at 440. Dr. Peterman has allegedly refused to refer Plaintiff to the dentist for purportedly serious dental needs, which allows an inference of deliberate indifference. As to Plaintiff's anxiety disorder, it would be premature to conclude that Dr. Peterman lacked the authority to prescribe Plaintiff's medicine or to schedule him for a telepsyche visit.

Plaintiff also seeks to pursue a claim against the Jail or Rock Island County. The Jail is not a legal entity subject to suit. *Powell v. Cook County Jail*, 814 F.Supp 757, 758 (N.D.Ill 1993)(Cook County Jail is not a person or legal entity subject to suit). The County can be sued for unconstitutional policies or practices that cause constitutional deprivations. *See Thomas v. Cook County Sheriff's Dept.,* 604 F.3d 293, 303 (7th Cir. 2010)("A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority."). However, no plausible inference arises from the present allegations that the County has an unconstitutional policy prohibiting referral to dentists or preventing the prescription of needed medicine. The County cannot be held liable solely because the County runs the Jail. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001)("A municipality may not be held liable under § 1983 on a respondeat superior theory.").

Plaintiff has attached a letter to his amended complaint listing other Jail staff, but those staff are not listed in the caption and, in any event, no plausible inference arises that they were personally responsible for the deprivation of Plaintiff's rights. *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001)("An individual is liable under § 1983 only if he or she was 'personally responsible for the deprivation of a constitutional right.'"). Accordingly, these persons will not be added as defendants at this time.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for January 25, 2012, is cancelled. The clerk is directed to notify the Jail of the cancellation.

2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that Plaintiff states constitutional claims arising from alleged deliberate indifference to his anxiety disorder and to his serious dental needs. Both of these claims shall proceed against Defendant Dr. Peterson.

3) Defendant Rock Island County Jail is dismissed, with prejudice.

4) Rock Island County is dismissed, without prejudice,  for failure to state a claim

    against it.

5) At this point, the case proceeds solely on the federal claims identified in paragraph one above against Dr. Peterson.  Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

6) This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date.  A copy of this Opinion shall be served with the amended complaint and scheduling order.

7) Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

Entered this ___18th___ Day of __January__, 2012.

                                                         **s/Sara Darrow**
                                                        SARA DARROW
                                        UNITED STATES DISTRICT JUDGE